# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Daubert,<br>        Plaintiff<br><br>v.<br><br>NRA Group, LLC d/b/a National Recovery Agency,<br>        Defendant | Docket 3:15-cv-00718-ARC<br><br>(JUDGE A. RICHARD CAPUTO)<br><br>FILED ELECTRONICALLY |

## PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT

1. In August of 2017, the parties filed a stipulation to Docket Entry 109. In relevant part, the stipulation provided that (1) the case would be administratively closed; and (2) the Court would "reserve jurisdiction in this matter for all purposes, including, but not limited to, enforcing any settlement reached at a mediation; . . ." The court approved the stipulation a few days later at Docket Entry 110.

2. The parties then participated in a mediation at JAMS before the Honorable Diane M. Welsh (Ret.) and signed the settlement agreement attached hereto as [Exhibit A](Exhibit A).

3. The agreement required Defendant to pay $174,447.52 to resolve Plaintiff's claims. Specifically, the agreement provided that Defendant would:

    (a) concur with Plaintiff's motion to withdraw from the Court's registry the $34,500.00 that Defendant had paid into the registry before it

appealed this Court's judgment on a claim under the Telephone Consumer Protection Act;

(b) pay $1,000.00 to Plaintiff as the "maximum statutory damage award that could have been recovered on the [Fair Debt Collections Practices Act (FDCPA)] claim asserted in [this action]" (Ex. A. ¶ 4.p.i.); and

(c) pay $138,947.52 "for a contingent fee paid to Plaintiff's attorney in lieu of statutory attorney's fees and costs that Plaintiff might have otherwise been entitled to recover from Defendant." (Ex. A. ¶¶ 2.b.ii – iii and 4.p.i.)

4. Though Defendant timely concurred with Plaintiff's motion to withdraw the funds from the Court registry, Defendant has failed to timely comply with its obligations to make affirmative payments.

5. Defendant ignored its January 11, 2018 deadline to make two payments: the $1,000.00 statutory damage award referenced in ¶ 3(b) above; and a partial payment of the attorney's fees and costs referenced in ¶ 3(c) above, specifically, a payment in the amount of $68,947.52.

6. After Plaintiff requested concurrence with a motion to enforce the settlement, Defendant ultimately made those payments on February 2, 2018.

7. Defendant's next obligation under agreement was to pay the remaining $70,000.00 in attorney's fees by February 11, 2018.

8. Despite request, Defendant has refused to make that payment.

9. On February 12, 2018, Plaintiff sent to Defendant's counsel the email attached as Exhibit B, explaining that the payment was late, and asking for concurrence with a motion to enforce.

10. Defendant did not respond to that email.

11. On February 16, 2018, Plaintiff sent to counsel the email attached as Exhibit C, explaining that no response had been received to the prior email.

12. Defendant also did not respond to that email.

13. The FDCPA provides for statutory attorney's fees and costs. Additionally, the settlement agreement provides for "an award of reasonable attorney's fees and costs in connection with" a motion such as this one.[1] (Ex. A. ¶ 4.d.)

WHEREFORE, Plaintiff respectfully requests an order requiring Defendant to: (a) pay to Plaintiff's counsel the $70,000.00 within seven days; and (b) pay a reasonable attorneys' fee to Plaintiff's counsel, in an amount to be agreed upon by the parties, or, if they are unable to agree, upon a

---

[1] Contemporaneously with the filing of this motion, Plaintiff's counsel is providing counsel with wiring instructions for Plaintiff's counsel's trust account. If Plaintiff receives a wire in the amount of $70,000.00 by Friday, March 9, 2018, then Plaintiff will withdraw this motion and will waive the request for attorney's fees.

subsequent fee application to be filed within 21 days from the date of the order.

> Respectfully submitted,
>
> s/ Carlo Sabatini
> Carlo Sabatini, Bar ID: PA 83831
> Sabatini Freeman, LLC
> Attorney for Plaintiff
> 216 N. Blakely St.
> Dunmore, PA 18512
> Phone (570) 341-9000
> Facsimile (570) 504-2769
> Email: ecf@bankruptcypa.com

## Affidavit

I declare under penalty of perjury that the factual statements in the foregoing motion are true and correct.

Executed on March 6, 2018.

> / Carlo Sabatini
> Carlo Sabatini

## Certificate of Nonconcurrence and of Service

Defendant does not concur and is being served through the CM/ECF system.

> s/ Carlo Sabatini
> Carlo Sabatini