Settlement Agreement

1. **Definitions**

   a. *Plaintiff*: John Daubert

   b. *Defendant*: NRA Group, LLC

   c. *Lawsuit*: the action pending at U.S.D.C. for the Middle District of PA Docket 3:15-cv-00718-ARC.

   d. *Account*: the alleged debt that *Defendant* identified by number 31100U.

2. ***Defendant's* Obligations**. *Defendant* shall:

   a. execute the attached Exhibit A, Exhibit C, and Exhibit D.

   b. deliver to Sabatini Law Firm, LLC, 216 N. Blakely St., Dunmore, PA 18512 the following payments:

      i. a check made payable to "John Daubert" in the amount of $1,000 received no later than January 11, 2018;
      ii. a check made payable to "Sabatini Law Firm, LLC" in the amount of $68,947.52 received no later than January 11, 2018; and
      iii. a check made payable to "Sabatini Law Firm, LLC" in the amount of $70,000 received no later than February 11, 2018.

   c. never report *Account* on any future data transmission to any credit reporting agency.

3. ***Plaintiff's* Obligations**: *Plaintiff* shall, within two weeks after the later of the date that (a) *Defendant* has sent the payments described in paragraph 2.b and (b) the date that *Plaintiff* receives the $34,500 from the Court's registry, deliver to *Defendant's* counsel a mutual release signed by *Plaintiff* in the form attached hereto as Exhibit A; and unless *Lawsuit* has already been dismissed, deliver to *Defendant's* counsel a signed stipulation of dismissal in the form attached hereto as Exhibit C.

4. *Defendant* and *Plaintiff* acknowledge and agree that:

{00948809;v1}

a. *Defendant* consents with the filing of the notice attached as Exhibit B.

b. *Defendant* has already received a W-9 form. *Defendant* may issue a 1099 to *Plaintiff* in the exact amount of $1,000.00, and may issue a 1099 to *Plaintiff's* counsel in the exact amount of $138,947.52. No other 1099 forms shall be issued.

c. in addition to the payments described in paragraph 2.b, *Plaintiff* is entitled to recover the $34,500 and interest that is currently being held in the Court's registry.

d. if either party fails to perform any obligation under this agreement, the other party may notify the defaulting party of the default, in a writing to such party or its counsel, and if the default is not cured within twenty (20) days of the date that the defaulting party receives the notification, then the aggrieved party may seek judicial relief and shall be entitled to an award of reasonable attorney's fees and costs in connection with the petition.

e. *Defendant* warrants that it did not own *Account* on the date *Lawsuit* was filed, nor has it owned *Account* at any time since the date *Lawsuit* was filed. This settlement agreement has no effect on *Account*.

f. *Defendant* warrants that as of April 5, 2015, it had instructed every credit reporting agency to which it had ever reported *Account* to delete *Account* from the consumer's file.

g. other than as set forth in this Agreement, *Plaintiff* and *Defendant* have not relied on any representation made by any party to *Lawsuit* in reaching this Agreement.

h. if any claim is ever made upon *Plaintiff* for the repayment or return of any part of the funds paid to *Plaintiff* under this agreement, and if *Plaintiff* repays or returns all or part of said money or property by reason of (a) any judgment, decree or order of any court or administrative body having jurisdiction over *Plaintiff* or (b) any settlement or compromise of any such claim between the *Plaintiff* and such claimant, then in such event the release given by *Plaintiff* to *Defendant* herein shall be automatically null and void and the parties shall be returned to their pre-Settlement Agreement positions, except that *Plaintiff* may retain any portion of the Settlement Payment not repaid or returned, crediting same against those sums claimed by *Plaintiff*.

i. this court shall retain jurisdiction over this matter to enforce this Agreement.

j.  this Agreement shall not be construed as an admission of liability by *Defendant*.

k.  this Agreement shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania without regard to any conflict of law provisions.

l.  *Defendant* may not impose any condition in connection with the tender of any payment under this Agreement. For example, *Defendant* may not add any waiver language to any settlement draft. *Plaintiff* may return any payment sent with such conditional language. If *Plaintiff* returns such a payment, then, for all purposes under this Agreement, the payment shall not be considered to have been tendered by *Defendant* until *Defendant* tenders a payment without any conditional language.

m.  if a separate action is brought to enforce this agreement, the parties submit to the jurisdiction of the Pennsylvania Courts of Common Pleas.

n.  any and all disputes or actions commenced regarding this agreement that cannot be filed or resolved in the United States District Court for the Middle District of Pennsylvania, regardless of whether the original case has been closed, shall be filed solely in the Court of Common Pleas of Luzerne County Pennsylvania.

o.  this Agreement shall not be construed more strictly against one party than against the other by virtue of the fact that the Agreement may have been drafted or prepared by counsel for one of the parties, it being recognized that all parties to this Agreement have contributed substantially to its preparation.

p.  of the payment made by *Defendant* pursuant to paragraph 2.b of this Agreement:
    i. $1,000.00 is designated for *Plaintiff* as the maximum statutory damage award that could have been recovered on the FDCPA claim asserted in *Lawsuit;* and
    ii. the balance of the payment is for a contingent fee paid to *Plaintiff's* attorney in lieu of statutory attorney's fees and costs that *Plaintiff* might otherwise have been entitled to recover from *Defendant.*

q.  this contract is the entire contract between the parties and shall bind the signer, his agents, next of kin, executors, administrators, successors and assigns.

r.  if any provision or portion of this contract is held invalid, void, or unenforceable under any applicable statute or rule of law, only that provision, or portion thereof,

shall be deemed omitted from this contract, and only to the extent to which it is held invalid and the remainder of this contract shall remain in full force and effect.

Dated: December 11, 2017

_____
Carlo Sabatini
Attorney for *Plaintiff*

NRA Group, LLC d/b/a National Recovery Agency
By:

Date: December 11, 2017

_____
Steven Kusic, CEO

Exhibit A

Mutual Release

The undersigned, John Daubert and NRA Group, LLC d/b/a National Recovery Agency ("NRA"), agree that in consideration of a certain payment by NRA to John Daubert and of a separate payment by NRA to Sabatini Law Firm, LLC, and in exchange for the dismissal of the lawsuit pending at U.S.D.C. for the Middle District of PA Docket 3:15-cv-00718-ARC:

Daubert releases NRA and all employees and attorneys from all claims as of the date the above lawsuit was filed in connection with NRA's efforts to collect an alleged debt that NRA identified by number 31100U ("the Account").

NRA releases Daubert and all attorneys from all claims. This release has no effect on the Account.

No other parties or companies are released that are not named in this release. A facsimile signature shall be considered an original, and this document may be signed in counterpart.

Dated: _____

_____
John Daubert

NRA Group, LLC d/b/a National Recovery Agency
By:
_____
Steven Kusic, CEO

Date: December 11, 2017

{00948809;v1}

Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Daubert, | Docket 3:15-cv-00718-ARC |
| Plaintiff, | (JUDGE A. RICHARD CAPUTO) |
| v. | |
| NRA Group, LLC, | FILED ELECTRONICALLY |
| Defendant. | |

## Notice of Settlement

The parties have settled and expect the settlement to be complete within 70 days. The parties will file a stipulation of dismissal after the settlement has been completed.

_____
Carlo Sabatini, PA 83831
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com

## Certificate of Service and Concurrence

Defendant is being served through the CM/ECF system, and concurs with the relief requested in the attached proposed order.

_____
Carlo Sabatini

Exhibit C

Stipulation of Dismissal

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Daubert, | Docket 3:15-cv-00718-ARC |
| Plaintiff, | (JUDGE A. RICHARD CAPUTO) |
| v. | |
| NRA Group, LLC, | FILED ELECTRONICALLY |
| Defendant. | |

## Stipulation of Voluntary Dismissal

Please dismiss this action with prejudice and without costs.

_____
Carlo Sabatini, PA 83831
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com

_____
Richard J. Perr, PA 72883
Attorney for Defendant
Fineman, Krekstein & Harris, P.C.
Ten Penn Center
1801 Market St., Suite 1100
Philadelphia, PA 19103
Phone (215) 893-9300
Facsimile (215) 893-8719
Email rperr@finemanlawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Daubert, | Docket 3:15-cv-00718-ARC |
| Plaintiff, | (JUDGE A. RICHARD CAPUTO) |
| v. | |
| NRA Group, LLC, | FILED ELECTRONICALLY |
| Defendant. | |

## ORDER

The parties having filed a Stipulation of Voluntary Dismissal, IT IS ORDERED that this action is hereby dismissed.

The Clerk is directed to close the case.


Dated: _____                                    _____
                                                    A. Richard Caputo
                                                    United States District Judge

# Exhibit D

## Stipulation to Withdraw Funds

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Daubert, | Docket 3:15-cv-00718-ARC |
| Plaintiff, | (JUDGE A. RICHARD CAPUTO) |
| v. | |
| NRA Group, LLC, | FILED ELECTRONICALLY |
| Defendant. | |

### Stipulation to Withdraw Funds

1. On August 30, 2016, this Court permitted Defendant to deposit $34,500.00 into the Court's registry ("the Funds"). (Doc. 98).

2. The parties hereby stipulate and agree that the Funds should be disbursed to "Sabatini Law Firm, LLC - Trust Account." The Funds should be sent to 216 N. Blakely St., Dunmore, PA 18512. The amount of the disbursement should be made in the amount of $34,500.00 plus interest.

3. A W-9 Taxpayer Identification and Certification form will be provided to the Clerk of Court.

{Remainder of this page left blank intentionally}

_____
Carlo Sabatini, PA 83831
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com

_____
Richard J. Perr, PA 72883
Attorney for Defendant
Fineman, Krekstein & Harris, P.C.
Ten Penn Center
1801 Market St., Suite 1100
Philadelphia, PA 19103
Phone (215) 893-9300
Facsimile (215) 893-8719
Email rperr@finemanlawfirm.com

## ORDER

So ordered.


Dated:_____

_____
A. Richard Caputo
United States District Judge